UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAVID T. FRAZIER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Nos.: 1:14-CV-134<br>1:09-CR-188<br><br>Judge Collier |

## MEMORANDUM & ORDER

On May 12, 2020, the Court denied Petitioner's motions for an extension of time to file a motion for reconsideration of the Court's previous denial of Petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure as to the original denial of Petitioner's 28 U.S.C. § 2255 motion (Docs. 144, 149)[1]; granted Petitioner's first motion to take judicial notice (Doc. 151); denied Petitioner's second motion to take judicial notice and for a hearing (Doc. 162); denied Petitioner's motion for reconsideration of the Court's previous denial of Petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure as to the original denial of Petitioner's 28 U.S.C. § 2255 motion (Doc. 150), as supplemented by the contents of Documents 144, 149, 150, 151, and 159; denied Petitioner's motions to challenge his PSR (Docs. 146, 148); and denied Petitioner's motion for bond (Doc. 160). (Doc. 164.) Petitioner filed a notice of appeal on May 26, 2020. (Doc. 166.)

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted as to a final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1)(b), (c)(2). The Court of Appeals for the Sixth Circuit considers a "final order" for purposes of this requirement to include the denial of a motion under Rule 60(b) of the Federal

---

[1] All citations are to the docket in the criminal case, Case No. 1:09-cr-188.

Rules of Civil Procedure.  *United States v. Hardin*, 481 F.3d 924, (6th Cir. 2007).  In its Memorandum of May 12, 2020, the Court considered whether relief could be granted to Petitioner if his motion to reconsider the denial of his previous Rule 60(b) motion were construed to seek relief under federal common law or Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure.  (*See, e.g.*, Doc. 163 at 9–10.)  Accordingly, the Court will consider whether a COA should be granted as to its May 12, 2020, Order (Doc. 164).

A COA should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's finding that Petitioner is not entitled to relief under § 2255 or Rule 60(b).  Accordingly, a COA from the Court's Order of May 12, 2020, (Doc. 164) is **DENIED**.  Additionally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous.  Fed. R. App. P. 24.  Therefore, Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.  Fed. R. App. P. 24.

**SO ORDERED**.

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**